UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                        DECISION AND ORDER

                                                        06-CR-6091L

                  v.

DARYL SESSION,

                              Defendant.
_____


     Defendant, Daryl Session ("Session"), stands accused of narcotics and firearms violations. This Court referred all pretrial matters to United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b).  Session duly filed motions on a variety of topics.  Magistrate Judge Payson received submissions from the parties and conducted a suppression hearing and, thereafter, issued a thorough, 32-page Report and Recommendation, recommending that Session's motion to suppress statements and tangible evidence be denied; that Session's motion to dismiss Count 3 be denied, and that Session's motion to compel "performance" of a proffer agreement be denied as well.  (Dkt. #126).

     Session duly filed objections to the Report and Recommendation (Dkt. #127). The Government had already filed an extensive memorandum (Dkt. #117) opposing Session's request that the Government be compelled to take some action relative to its dealings with Session.

Session raises three issues.  He claims that the original eavesdropping warrant for the cell telephone registered to DeShaun Brown was defective and, therefore, all conversations obtained should be suppressed.  Session also argues that the search warrant for 67 Quentin Road, Rochester, Newe York  was overly broad, and the items seized must be suppressed.  The bulk of defendant's objections (pages 1-18) concerns his contention that the Government violated its "obligation under a 'proffer agreement'" that was executed by Session.[1]

Concerning the eavesdropping warrant, I agree with Magistrate Judge Payson that there is no basis to suppress evidence obtained from such a warrant.  Magistrate Judge Payson determined that the application clearly established probable cause relative to the target telephone that was utilized by DeShaun Brown to engage in narcotics conversations with Session and others.  I agree with Magistrate Judge Payson's careful analysis of the probable cause issue.

I also agree that Session has no legal basis to challenge the warrant on the grounds that the police failed to utilize and exhaust traditional investigative techniques.  It is clear, based on the supporting affidavit, and Magistrate Judge Payson's findings, that the officers adequately advised the issuing judge of the difficulties encountered in this type of narcotic investigation and how

---

[1]In proceedings before Magistrate Judge Payson, Session also moved to suppress statements made by him during an interview at the Public Safety Building.  Magistrate Judge Payson conducted a suppression hearing and recommended, in her Report and Recommendation, page 22-25, that Session's motion to suppress on the grounds they were obtained in violation of the Fifth Amendment be denied.  Session does not challenge that recommendation on appeal.

Session also moved to dismiss the third count of the indictment relating to possession of a firearm.  Magistrate Judge Payson determined that there was no basis to dismiss the indictment for the reasons alleged.  Session does not challenge that finding on appeal here.

traditional methods of investigation produced only limited success.  There is no basis here to reject Magistrate Judge Payson's findings.

Session also claims that the search warrant issued for his residence at 67 Quentin Road was defective because it failed to state, with particularity, the items to be seized.  I disagree.

Magistrate Judge Payson discusses this claim at page 20-22.  Magistrate Judge Payson found, and I agree, that the warrant described two categories of items to be seized:  those relating to narcotics trafficking and those concerning firearms possession.  Although the list of items to be seized was extensive, it was, nonetheless, sufficiently particular to withstand challenge here.

Session's final (and apparently principal) objection relates to Magistrate Judge Payson's determination that there was no basis to compel the Government to recommend a sentence reduction or take any further action relative to a proffer agreement executed by Session.  I agree with Magistrate Judge Payson that Session's claims here are without merit.

Although Session often characterizes the document that he contends affords him certain rights as a "cooperation agreement," it is in fact not such an agreement but merely a proffer agreement.  The difference is, of course, significant.  It is clear that Session has not pleaded guilty and has not signed any cooperation agreement relative to such a plea.  Session has never agreed to cooperate fully and provide substantial assistance in connection with a guilty plea.  In short, Session has done nothing to alter his present legal position.

It is true that Session entered a proffer agreement and Magistrate Judge Payson described the circumstances surrounding the execution of that document and its terms.  The Government does so as well in its memorandum to Magistrate Judge Payson (Dkt. #117).

The proffer agreement could not be clearer in terms of the purpose for the agreement and the obligations between the parties.  It is clear that Session was offered no benefit relative to a sentence merely for participating in the proffer session with law enforcement personnel.  The document clearly states that.  The only "benefit" was that the information obtained during the proffer session could not be used against Session in further proceedings.

Session's present contention that the Government was somehow obligated to make a sentence reduction should he plead guilty at some time in the future is totally without foundation and clearly contrary to the specific language of the proffer agreement.  Session was later presented with a proposed plea agreement that did contain a detailed provision providing for full cooperation and the possibility of a downward departure motion if he provided substantial assistance.  The short answer to Session's present claim is that he *never* signed that proposed agreement or any other one.  Magistrate Judge Payson found that that proposed plea offer remained open for several months and that Session never took advantage of it.  Essentially, Session now wants the benefit of a contract that he never signed.  This is folly.

At some point, the Government withdrew the proposed plea agreement when it learned that Session was allegedly involved in a murder.  In light of this evidence, there is no legal requirement whatsoever for the Government to continue to offer the prior proposed plea agreement.  In addition, there is no suggestion that the Government's motive was ever based on any impermissible discriminatory ground.

Session claims that the Government is now *required* to make a downward departure motion in spite of the fact that there is no agreement containing such a requirement and in spite of the fact that there are now no sentencing proceedings pending.

Apparently the Government is unwilling to offer any plea agreement unless Session accepts responsibility for the homicide. Apparently, Session does not like that requirement of the contract. There is no basis, though, to preclude the Government from requiring such an admission as part of any new proposed plea agreement. Session may accept or reject such a proposal but that is the extent of his rights at this time.

## CONCLUSION

I accept and adopt the Report and Recommendation (Dkt. #126) of United States Magistrate Judge Marian W. Payson. I deny defendant's motion to suppress statements and defendant's motion to dismiss the third count of the indictment. I also adopt the findings and conclusions of Magistrate Judge Payson concerning the wiretap and search warrant for defendant's residence. I, therefore, deny defendant's motion to suppress evidence obtained from the eavesdropping warrant and evidence obtained pursuant to a search warrant at 67 Quentin Road, Rochester, New York. I also deny defendant's motion to compel any performance stemming from defendant's execution of a proffer agreement.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        July 3, 2007.