UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                         Plaintiff,

                                                                       <u>DECISION AND ORDER</u>

                                                                       06-CR-6091L
                                                                       12-CV-6023L

                      v.

DARYL SESSION,

                        Defendant.
_____

Defendant Daryl Session ("Session") has moved to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255, on the grounds that his retained attorney before the district court provided ineffective assistance of counsel. Neither the law relative to such a motion nor the facts in this particular case provide any basis for such relief. The motion, therefore, is in all respects denied.

Session was indicted on three counts with narcotics and firearms offenses. Session originally retained attorney Peter Pullano, Esq. but, at Session's request, Pullano was replaced by two other attorneys, David Seeger, Esq. and Leigh Anderson, Esq., who were retained as co-counsel. It is the acts of attorney Seeger that Session's claims constitute ineffective assistance of counsel.

Within days of the scheduled commencement of a jury trial, Session pleaded to all three counts of the indictment, without benefit of a plea agreement.[1]

---

[1] Session originally pleaded to only Counts I and II, the narcotics offenses, and indicated his intent to proceed to trial on Count III, the firearms offense. Later in the month, though, Session appeared before the Court and pleaded guilty to that count as well.

The Court conducted a two-day sentencing hearing at which the Government called several witnesses, principally relating to Session's alleged involvement in a murder-for-hire scheme. Both sides submitted post hearing memoranda, and the Court heard oral argument. The Court determined that the United States Sentencing Guideline range was 292-365 months on Counts I and II with a 60 month consecutive sentence on Count III, for an aggregate Guideline Sentencing range of 352-425 months. The Court sentenced Session principally to a term of 396 months imprisonment.

Session appealed the judgment and, in a summary order, the United States Court of Appeals for the Second Circuit affirmed the judgment and sentence (378 Fed. Appx. 115 (May 26, 2010)). Session's petition for a *writ of certiorari* to the Supreme Court was denied and, virtually one-year later, Session filed the instant motion pursuant to § 2255.

A defendant seeking to vacate a conviction entered pursuant on a guilty plea faces a most difficult task. In *Strickland v. Washington,* 466 U.S. 668 (1984), the Supreme Court established the two-part performance and prejudice test appropriate to evaluate claims that trial counsel provided ineffective assistance of counsel. Defendant must establish under an objective standard of reasonableness that the attorney's conduct was deficient and that the performance was prejudicial to defendant's case. In this case, Session can do neither.

In the context of the guilty plea, Session must demonstrate that the performance complained of undermined the voluntary and intelligent nature of Session's decision to plead guilty. There is no suggestion whatsoever by Session that his attorneys' actions had any affect on Session's decision to plead guilty. The matters complained of relate to possible leniency at sentencing.

Session appeared not once but twice before this Court and pleaded guilty with the assistance of attorney Seeger and Anderson. The first plea was to Counts I and II and a few days later defendant also pleaded to the remaining count. The entire thrust of the case before the District Court related to sentencing issues. For that purpose, the Court conducted a sentencing hearing concerning Session's conduct relating to the death of another.

The essence of Session's claim is that his attorney's acts were "deficient" because he failed to investigate and/or advance arguments that the Government should have specifically performed under a proposed February 2006 plea agreement which related to, in part, the possibility of a motion by the Government for a reduction based on cooperation.

On many levels, the facts do not support Session's claim. First of all, as was repeatedly pointed out by not only United States Magistrate Judge Marian W. Payson who supervised pretrial proceedings and this Court, Session *never* formally accepted any plea agreement. As the Government notes in its Response (Dkt. #193) to the motion, p. 9, Session's attorney clearly conceded that there had been no formal agreement signed and filed.

Eventually, of course, after that proceeding before the Magistrate Judge, Session pleaded guilty before this Court, without the benefit of any plea agreement. During the Rule 11 colloquy, Session was repeatedly advised about the statutory punishment, the Guidelines that appeared to control and the fact that there were no agreements or promises by the Court as to what the ultimate sentence would be. There is no evidence whatsoever that Session was induced or coerced to plead guilty based on any misunderstanding of the possible punishment.

Perhaps the most compelling reason to deny out of hand Session's motion is the fact that his attorney repeatedly and forcefully made arguments to the Court that the Government should honor some prior "understanding" as to cooperation and move for a sentence reduction. Rather than fail to make the arguments, as Session suggests, his attorney vigorously did just that.

The record demonstrates that Session's attorney argued forcefully before this Court that the Government had breached its obligations. The attorney requested a hearing and filed multiple memoranda on the issue before the Magistrate Judge and before the District Court. Even a cursory review of the record in this case demonstrates that Session's attorney made the very arguments and claims that Session claims he failed to make. Session's counsel's performance was not in any way deficient or derelict. He pressed the issue concerning the Government's obligation multiple times

before the Magistrate Judge and this Court and continued to make the argument, even after the Courts had rejected the basic claim.

The fact that Session's lawyer was not completely successful in his endeavor, does not, of course, establish ineffective assistance of counsel. But, it should be noted that this Court at sentencing *did* take into account the fact that Session had provided some early cooperation in the Court's calculation of the appropriate sentence. Admittedly, the final sentence was severe, but the Court noted that the "benefit" Session received was that this Court did not impose an even greater sentence or depart upwards from the Sentencing Guidelines.

Therefore, in light of the above and for the reasons set forth in the Government's Response (Dkt. #193) and all the proceedings held in the case, defendant has failed to meet his burden of establishing that his retained counsel provided ineffective assistance of counsel under the Sixth Amendment.

## CONCLUSION

Defendant's motion pursuant to 28 U.S.C. § 2255 (Dkt. #185) to vacate the judgment and sentence is in all respects denied. Because defendant has failed to make a substantial showing of a constitutional violation, I also deny a certificate of appealability.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 24, 2012.